UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. DEPARTMENT OF HOMELAND )<br>SECURITY, )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 21-1194 (CKK) |

MEMORANDUM OPINION
(June 28, 2023)

This Freedom of Information Act ("FOIA") matter concerns Plaintiff's requests for information regarding dog bites suffered by a Special Agent in the Secret Service's Presidential Protective Detail, caused by the family dog of President Joseph R. Biden, Jr.  The only question before the Court is whether two withheld photographs depicting bite injuries meet the requirements of FOIA Exemption 7(C), protecting "records or information compiled for law enforcement purposes" when their production "could reasonably be expected to constitute an unwarranted invasion of personal privacy."  Because the Court concludes that disclosure of the two withheld photographs would constitute an unwarranted invasion into the Special Agent's privacy interests, and upon consideration of the pleadings,[1] the relevant legal authority, and the

---

[1] The Court mainly considered:
- Defendant's Memorandum of Points and Authorities in Support of Motion for Summary Judgment ("MSJ"), and attachments, ECF No. 14;
- Plaintiff's Memorandum in Opposition to Motion for Summary Judgment ("MSJ Opp."), and attachments, ECF No. 15;
- Plaintiff's Cross-Motion for Summary Judgment ("Cross MSJ"), and attachments, ECF No. 16;
- Defendant's Reply to MSJ Opp. ("Reply to MSJ Opp."), and attachments, ECF No. 17;

entire record, the Court shall **GRANT** Defendant's [14] Motion for Summary Judgment and **DENY** Plaintiff's [16] Cross-Motion for Summary Judgment.

## I. BACKGROUND

No material facts are in dispute. *See* Cross MSJ at 2. President Biden's family dog, Major, bit a Secret Service Special Agent on two separate occasions while the Agent was working. *See* MSJ Opp., SOF Responses, ECF 15, ¶¶ 26, 27; *see also* Declaration of Kevin L. Tyrrell ("Tyrrell Decl."), ECF 14-1, ¶¶ 31, 32. Pictures showing the bites on the Special Agent's leg were attached to an email. *See* MSJ Opp., SOF Responses ¶¶ 25, 29; Tyrrell Decl. ¶ 32. The email also reported that the dog bit the same Special Agent on March 1, 2021 and again on March 8, 2021. *See* MSJ Opp., SOF Responses ¶¶ 27, 28.; Tyrrell Decl. ¶ 32. Moreover, it reported that the first bite, which occurred "at the Lake House in Wilmington, DE," "caused some bruising" and the second, which occurred at the White House, "caused bruising and puncture to the skin." *See* Tyrrell Decl. ¶ 32, Ex. A; *see also* MSJ Opp., SOF Responses ¶¶ 25-26. The Secret Service produced, in redacted form, the cover email forwarding the photographs, but withheld the attached photographs. *See* MSJ Opp., SOF Responses ¶¶ 24, 25; Tyrrell Decl. ¶ 32, Ex. A. Additionally, the parties agree that "because of the nature of their jobs, some Secret Service personnel and White House staff already know the identity of the person who was bitten." MSJ Opp., SOF Responses ¶ 31; *see also* Tyrrell Decl. ¶ 34.

---

- Defendant's Response to Cross MSJ ("Response to Cross MSJ"), and attachments, ECF No. 18; and
- Plaintiff's Reply to Opposition to Cross Motion ("Reply to Opp. Cross MSJ"), and attachments, ECF No. 19.

In an exercise of its discretion, the Court has concluded that oral arguments would not assist in the resolution of this matter.

## II. LEGAL STANDARD

Summary judgment is appropriate when the pleadings and evidence "show[] that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of . . . the affidavits . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (internal quotation marks omitted). A genuine issue of material fact is one that "might affect the outcome of the suit under the governing law . . ." *Anderson*, 477 U.S. at 248.

"[T]he vast majority of FOIA cases can be resolved on [motions for] summary judgment . . ." *Brayton v. Off. of the U.S. Trade Representative*, 641 F.3d 521, 527 (D.C. Cir. 2011). Summary judgment in a FOIA case may be granted to an agency if it demonstrates that no material facts are in dispute, that it has conducted an adequate search for responsive records, and each responsive record that it has located either has been produced to the plaintiff or is exempt from disclosure. *See Weisberg v. U.S. Dep't of Justice*, 627 F.2d 365, 368 (D.C. Cir. 1980).

Defendant's position is supported by the Declaration of Kevin L. Tyrrell. *See* Tyrrell Decl., Ex. A. The submission of an agency declaration that describes the withheld material with reasonable specificity, as well as the reasons for nondisclosure, may satisfy the Government's burden. *See Campbell v. U.S. Dep't of Justice,* 164 F.3d 20, 30 (D.C. Cir. 1998). The justifications cannot be "conclusory, merely reciting statutory standards, or . . . too vague or sweeping." *King v. U.S. Dep't of Justice,* 830 F.2d 210, 219 (D.C. Cir 1987) (internal citations omitted). However, "summary judgment may be granted solely on the basis of agency affidavits provided that they are clear, specific, and reasonably detailed, and there is no contradictory

evidence . . . of agency bad faith." *W. Ctr. for Journalism v. Internal Revenue Serv.,* 116 F. Supp. 2d 1, 7 (D.D.C. 2000) (citing *Hayden v. Nat'l Sec. Agency,* 608 F.2d 1381, 1387 (D.C. Cir. 1979)).

### III.    DISCUSSION

Defendant asserts that even though the photographs do not reveal the Special Agent's face, they nonetheless could identify the Special Agent because the photographs show skin tone and a portion of his or her body, and because the universe of personnel providing protection to the President and his family is small.  Tyrrell Decl. ¶¶ 32, 33.  Defendant also contends that the Special Agent has a substantial privacy interest in not being identified as the person who was bitten.  *See id.* ¶ 33.  Moreover, with respect to those who already know who was bitten or could learn it from looking at the photographs, Defendant argues that the Agent retains a privacy interest in the pictures themselves, which depict injuries and a portion of his or her body. *Id.* ¶¶ 32-34.

Conversely, Plaintiff asserts that it seeks the withheld photographs of the Special Agent's injuries "to confirm, or not, statements by the Administration regarding these incidents," contending that the "public has a vital interest in being able to rely on the official statements of high-level government officials." MSJ Opp. at 1.  Plaintiff claims further that "the public interest in the withheld photographs is significant as the public has an interest in understanding the degree of danger to which Secret Service personnel are exposed and the apparently significant injuries that occur in the line of duty. While written records may describe an injury, photographic evidence will shed significant additional light on the matter."[2] *Id.* at 3.

---

[2] Five news reports are cited by Plaintiff to evidence the public's interest.  Two were within a month of the second incident; the remainder were all in the context of a White House press conference question in late August, some five months later. *See* Dareh Gregorian & Lauren

In an Exemption 7(C) analysis, the Court must first determine if there is a privacy interest in the information to be disclosed. *ACLU v. U.S. Dep't of Justice*, 655 F.3d 1, 6 (D.C. Cir. 2011) If so, then Court must balance the individual's privacy interest against the public interest in disclosure, considering only the extent to which disclosure "further[s] the citizens' right to be informed about 'what their government is up to.'" *Id.* (quoting *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press,* 489 U.S. 749, 773 (1989) (internal quotation marks omitted)); *see also Roth v. U.S. Dep't of Justice,* 642 F.3d 1161, 1174-75 (D.C. Cir. 2011). "[B]oth the common law and the literal understandings of privacy encompass the individual's control of information concerning his or her person." *U.S. Dep't of Justice v. Reporters Comm. For Freedom of the Press,* 489 U.S. 749, 763 (1989). That concept is not limited to only those records that the public writ large could identify as applying to a particular person. *See Dep't of Air Force v. Rose*, 425 U.S. 352, 380 (1976) (identifying information is measured "not only from the viewpoint of the public, but also from the vantage of those . . . familiar" with the person implicated).

A law enforcement officer's identity often implicates a privacy interest in FOIA cases.[3] Here, two privacy interests are at issue: (1) the Special Agent's interest in not being identified as

---

Egan, *'Minor' Major issues: Emails show Biden dog was nippier than White House said*, NBC NEWS (Aug. 27, 2021) (MSJ Opp, Ex. A); Katie Jerkovich, *Reporter Asks Psaki How People Can Trust Administration On Afghanistan If They're Hiding White House Dog's Biting Spree*, DAILY CALLER (Aug. 27, 2021) (MSJ Opp, Ex. B); *'Major' pain: Biden's dog involved in 2nd biting incident*, ASSOCIATED PRESS (Mar. 30, 2021) (MSJ Opp, Ex. C); Steve Nelson, *Biden's dog Major bit Secret Service members 8 days in row, emails show*, NEW YORK POST (Aug. 26, 2021) (MSJ Opp, Ex. D); Michael Kruse, *'It's Not the Dog': What's Really Behind the White House Dog's Biting Problem*, POLITICO (Apr. 5, 2021) (MSJ Opp, Ex. E).

[3] *See, e.g., Ecological Rts. Found. v. U.S. Env't Prot. Agency*, 541 F. Supp. 3d 34, 43 (D.D.C. 2021) (BAH) (holding protective agents' identities, by virtue of their work, were sufficient to establish an unwarranted invasion of privacy under Exemption 7(C)); *Pinson v. U.S. Dep't of Justice*, 313 F. Supp. 3d 88, 115–16 (D.D.C. 2018) (RC) ("[I]njuries and other medication information" of the Federal Bureau of Prisons staff was exempt from disclosure under

5

the person who was bitten at work, and (2) the Special Agent's interest in the photographs themselves, which show injuries to his or her body.  *See* MSJ at 10-11.  Plaintiff contends that the horse has been let out of the barn, so to speak, because some Secret Service and White House staff have since learned of the Special Agent's identity.  But it is clear and conceded that these disclosures were not to the public at large. *See* MSJ, SOF Responses ¶ 31; Tyrrell Decl. ¶ 34.  Moreover, limited disclosure cuts against Plaintiff, because it would be marginally easier for members of the public generally to identify the Special Agent.  *See Reporters Comm.*, 489 U.S. at 770 ("In sum, the fact that an event is not wholly private does not mean that an individual has no interest in limiting disclosure or dissemination of the information." (cleaned up)); *see also, e.g.*, *Rose*, 425 U.S. at 380-81 (identifying information is measured not only from the "viewpoint of the public, but also from the vantage of those . . . familiar" with the person implicated); *Yelder v. U.S. Dep't of Def.*, 577 F. Supp. 2d 342, 346 (D.D.C. 2008) (RJL) (intimate photographs "create a more palpable threat to privacy than a name or an address"). The Special Agent thus has demonstrated a privacy interest both in his or her identity and in the disclosure by photograph of parts of his or her body.

     Turning to balancing, "[i]t is a FOIA requester's obligation to articulate a public interest sufficient to outweigh the individuals' privacy interest, and the public interest must be significant." *Pinson v. U.S. Dep't of Justice*, 236 F. Supp. 3d 338, 367 (D.D.C. 2017) (RC)

---

Exemption 7(C)); *Coleman v. FBI*, 13 F. Supp. 2d 75, 79–80 (D.D.C. 1998) (RCL) (holding FBI agents' identities were exempted to  protect personal privacy as against harassment and annoyance); *Kuffel v. U.S. Bureau of Prisons*, 882 F. Supp. 1116, 1123-25 (D.D.C. 1995) (RMU) (holding law enforcement officers' identities exempted from disclosure); *Watson v. U.S. Dep't of Justice,* 799 F. Supp. 193, 197 (D.D.C. 1992) (SSH) (holding protection of agents justifies exemption on their identities).

(citing *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 172 (2004)); *see also Lindsey v. FBI*, 490 F. Supp. 3d 1, 16 (D.D.C. 2020).

Plaintiff's articulation of the public's "significant" interest in the photographs is not compelling. The email description of the photographs relates "some bruising" from the March 1 incident and "bruising and puncture to the skin" from the March 8 incident. *See* Tyrrell Decl. ¶ 32, Ex. A. These descriptions of the photographs already disclose the extent of the injuries, and they do not suggest that these are "apparently significant injuries that occur in the line of duty." MSJ Opp. at 3. Moreover, the relevant inquiry "should focus not on the general public interest in the subject matter of the FOIA request, but rather on the incremental value of the specific information being withheld." *Schrecker v. U.S. Dep't of Justice,* 349 F.3d 657, 661 (D.C. Cir. 2003). Nor does disclosure of the photographs add significant additional light to the public's understanding of these minor incidents from more than two years ago. Plaintiff's mere recitation that disclosure would be significant does not "articulate a public interest sufficient to outweigh an individuals' privacy interest." *See Lindsey*, 490 F. Supp. 3d at 18; *see also Pinson,* 236 F. Supp. 3d at 367. As such, Plaintiff does not meet its burden in articulating why the photographs would address a significant public interest sufficient to outweigh the Special Agent's privacy interest.

Plaintiff also maintains that the "public interest in this matter is easily demonstrated by the media attention it has received" and cites five media reports about the dog bites. MSJ Opp. at 3-4; *see* n.2 *supra.* But the mere existence of media reporting on a minor news story of fleeting interest is not itself determinative. *See Reporters Comm.*, 489 U.S. at 774 ("Conceivably [the withheld document] would provide details to include in a news story, but, in itself, this is not the kind of public interest for which Congress enacted the FOIA."). The public interest is instead

7

measured by whether disclosure "would shed light on an agency's performance of its statutory duties[] or otherwise let citizens know what their government is up to." *See Citizens for Responsibility & Ethics in Washington v. U.S. Dep't of Just. ("CREW")*, 746 F.3d 1082, 1093 (D.C. Cir. 2014) (cleaned up); *see also ACLU*, 655 F.3d at 6; *Lindsey*, 490 F. Supp. 3d at 18.  It is the Court's view that the prurient interest in viewing photographs of the Special Agent's injuries does not implicate either the Secret Service's performance of its statutory duties or shed light on what the government is "up to," but rather constitutes unwarranted invasion of privacy under Exemption 7(C). *See CREW*, 746 F.3d at 1093.

## IV.   CONCLUSION

Plaintiff has failed to demonstrate any compelling public interest against which the Court might balance the privacy interest of the Special Agent. Absent some demonstration of meritorious public interest supporting disclosure, a privacy invasion of this nature is unwarranted.  Therefore, and for the foregoing reasons, the Court **GRANTS** Defendant's [14] Motion for Summary Judgment and **DENIES** Plaintiff's [16] Cross-Motion for Summary Judgment.  An appropriate order accompanies this Memorandum Opinion.


Dated:  June 28, 2023                         ___/s/_____
                                              COLLEEN KOLLAR-KOTELLY
                                              United States District Judge